**AFFIRM; and Opinion Filed August 12, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00355-CR

### EX PARTE JEFFREY WAYNE FUJISAKA

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-80264-2015**

## OPINION

Before Justices Fillmore, Myers, and Evans
Opinion by Justice Fillmore

Jeffrey Wayne Fujisaka is charged with four counts of knowingly inducing E.D., a child under eighteen years old, to engage in sexual conduct or a sexual performance consisting of touching her genitals with her hand. *See* TEX. PENAL CODE ANN. § 43.25(b) (West 2011). Appellant filed a pretrial application for writ of habeas corpus challenging the constitutionality of section 43.25(b).[1] The trial court denied relief on appellant's application. In his sole issue on appeal, appellant contends section 43.25 is facially unconstitutional under the First Amendment to the United States Constitution.[2] We affirm.

---

[1] Unless otherwise noted, all statutory provisions referenced in this opinion appear in the Texas Penal Code.

[2] The First Amendment to the United States Constitution provides, in relevant part, "Congress shall make no law . . . abridging the freedom of speech[.]" U.S. CONST. amend I. The freedom of speech secured by the First Amendment against abridgment by the United States is similarly secured by the Fourteenth Amendment against abridgment by a state. *Schneider v. State*, 308 U.S. 147, 160 (1939).

## STANDARD OF REVIEW AND APPLICABLE LAW

A defendant may file a pretrial application for a writ of habeas corpus to raise a facial challenge to the constitutionality of a statute that defines the offense charged. *Ex parte Thompson*, 442 S.W.3d 325, 333 (Tex. Crim. App. 2014). Whether a statute is facially unconstitutional is a question of law subject to de novo review. *Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013). We make every reasonable presumption in favor of the statute's constitutionality, unless the contrary is clearly shown. *Peraza v. State*, No. PD-0100-15, 2015 WL 3988926, at \*4 (Tex. Crim. App. July 1, 2015). The challenger normally bears the burden to establish the statute is unconstitutional. *Lo*, 424 S.W.3d at 15.

A facial challenge attacks the statute itself rather than the statute's application to the defendant. *Peraza*, 2015 WL 3988926, at \*4. Ordinarily, to mount a successful facial challenge, the challenger must establish that no set of circumstances exists under which the statute would be valid or that the statute lacks any plainly legitimate sweep. *Id.*; *see also United States v. Stevens*, 559 U.S. 460, 472 (2010). However, in the case of statutes that encroach upon activity protected by the First Amendment, the challenger may also bring a "substantial overbreadth" challenge. Under such a facial challenge, a statute may be invalidated as overbroad if "a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep." *Stevens*, 559 U.S. at 473; *see also Ashcroft v. Free Speech Coal.*, 535 U.S. 234, 255 (2002) (overbreadth doctrine prohibits government from banning unprotected speech if substantial amount of protected speech prohibited or chilled in process). This type of facial challenge may be made when a statute restricts or punishes speech based upon its content. *Lo*, 424 S.W.3d at 15.

A law is "content-based" if it distinguishes between favored and disfavored speech on the basis of the views expressed or if it is necessary to review the content of the speech in order to

determine whether the speaker violated the law. *Thompson*, 442 S.W.3d at 345. A content-based regulation that distinguishes favored from disfavored speech based on the views expressed is presumptively invalid, and the government bears the burden to rebut the presumption. *Lo*, 424 S.W.3d at 15. We apply the "most exacting scrutiny to regulations that suppress, disadvantage, or impose different burdens on speech because of its content." *Id.* To satisfy a strict scrutiny review, a statute that regulates speech must be necessary to serve a compelling state interest and be narrowly drawn. *Id.* To be considered narrowly drawn, a law must employ the least restrictive means to achieve its goal and there must be a close nexus between the state's compelling interest and the restriction. *Id.* The statute does not survive strict scrutiny review if there is a less restrictive means of meeting the state's compelling interest that would be at least as effective as the statute under review. *Id.* at 15–16. However, a statute may not be held overbroad merely because it is possible to conceive of some impermissible applications. *United States v. Williams*, 553 U.S. 285, 303 (2008).

## ANALYSIS

The first step in an overbreadth analysis is to determine whether the statute reaches a substantial amount of activity protected by the First Amendment. *City of Houston, Tex. v. Hill*, 482 U.S. 451, 458–59 (1987). If the law does not reach a substantial amount of constitutionally protected activity, then the overbreadth challenge fails. *Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494 (1982). We begin our analysis by examining what the statute covers. *Stevens*, 559 U.S. at 474.

Section 43.25(b), entitled "Sexual Performance by a Child," states:

A person commits an offense if, knowing the character and content thereof, he employs, authorizes, or induces a child younger than 18 years of age to engage in sexual conduct or a sexual performance. A parent or legal guardian or custodian of a child younger than 18 years of age commits an offense if he consents to the participation by the child in a sexual performance.

–3–

TEX. PENAL CODE ANN. § 43.25(b). A "sexual performance" under the statute means "any performance or part thereof that includes sexual conduct by a child younger than 18 years of age." *Id*. § 43.25(a)(1). A "performance" means "any play, motion picture, photograph, dance, or other visual representation that can be exhibited before an audience of one or more persons." *Id*. § 43.25(a)(3). "Sexual conduct," within the meaning of the statute, is "sexual contact, actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sado-masochistic abuse, or lewd exhibition of the genitals, the anus, or any portion of the female breast below the top of the areola." *Id*. § 43.25(a)(2).[3]

Appellant contends section 43.25(b) is overbroad, and thus facially unconstitutional under the First Amendment, because it regulates the content of speech, should be subjected to strict scrutiny, and cannot survive strict scrutiny review because it was not narrowly drawn to achieve the State's compelling interest to protect minors from sexual abuse. In pressing his facial challenge, appellant does not assert that "employing" a child to engage in sexual conduct or a sexual performance constitutes any constitutionally protected activity. Instead, he argues the statute's prohibition on "authorizing" and "inducing" a child to engage in sexual conduct or a sexual performance violates the First Amendment because it prohibits a person from authorizing or persuading another to engage in lawful activity.

A statute that regulates only conduct, not speech or any other expressive activity which is protected by free speech guarantees, does not trigger any protection under the First Amendment. *See Arnold v. State*, 853 S.W.2d 543, 545–46 (Tex. Crim. App. 1993); *see also Lo*, 424 S.W.3d at 16–17 (noting statutes prohibiting online solicitation of minor routinely held constitutional

---

[3] The statute also provides for affirmative defenses to prosecution for the spouse of a child, persons who are not more than two years older than the child, and situations where the "conduct was for a bona fide educational, medical, psychological, psychiatric, judicial, law enforcement, or legislative purpose." *Id*. § 43.25(f).

because gravamen of offense is conduct of requesting minor to engage in illegal sexual acts). As the Supreme Court has explained:

> Facial overbreadth . . . attenuates as the otherwise unprotected behavior that it forbids the State to sanction moves from "pure speech" toward conduct and that conduct—even if expressive—falls within the scope of otherwise valid criminal laws that reflect legitimate state interests in maintaining comprehensive controls over harmful, constitutionally unprotected conduct. Although such laws, if too broadly worded, may deter protected speech to some unknown extent, there comes a point where that effect—at best a prediction—cannot, with confidence, justify invalidating a statute on its face and so prohibiting a State from enforcing the statute against conduct that is admittedly within its power to proscribe. To put the matter another way, particularly where conduct and not merely speech is involved, we believe that the overbreadth of a statute must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep.

*Broadrick v. Oklahoma*, 413 U.S. 601, 615 (1973) (citations omitted).

The State contends section 43.25(b) regulates only conduct and does not implicate First Amendment rights at all. Conversely, appellant argues the conduct of "authorizing" and "inducing" a child to engage in sexual conduct or a sexual performance is usually accompanied by speech, one may prove inducement from "persuasion" alone, and thus "a large part" of what section 43.25 regulates is, in fact, speech. Appellant does not cite any authority holding that authorizing or inducing a child to engage in sexual conduct or a sexual performance constitutes a form of constitutionally protected speech, but he attempts to support his position by analogy. *See Hill*, 482 U.S. at 466 (ordinance making it unlawful to "interrupt" police officers in performance of their duties unconstitutional because it criminalized substantial amount of constitutionally protected speech); *Loper v. N.Y.C. Police Dept.*, 999 F.2d 699, 704–06 (2d Cir. 1993) (statute prohibiting loitering in public place for purpose of "begging" violates First Amendment because speech frequently accompanies begging); *State v. Melchert-Dinkel*, 844 N.W.2d 13, 23–24 (Minn. 2014) (portion of statute prohibiting advising or "encouraging" another to commit suicide violated First Amendment). Appellant contends "inducing" a child to

engage in sexual conduct or a sexual performance involves speech as much as "interrupting" a police officer, "begging" in a public place, or "encouraging" another to commit suicide.

Neither "authorizes" nor "induces" is defined in the penal code. In the absence of statutory definitions, we give words their commonly used meanings. *See* TEX. GOV'T CODE ANN. § 311.011(a) (West 2013). In its common meaning, one "authorizes" conduct by empowering the actor or affording a right to act. *In re Hecht*, 213 S.W.3d 547, 567 (Tex. Spec. Ct. Rev. 2006). The term may also be defined as "to give legal authority; to empower . . . to formally approve, to sanction." *Id*. (quoting BLACK'S LAW DICTIONARY 143 (8th ed. 2004)). The definition necessitates "affirmative actions on the part of the authorizer." *Id*. To "induce" means "to move and lead by persuasion or influence." *Bell v. State*, 326 S.W.3d 716, 720 (Tex. App.—Dallas 2010, pet. dism'd, untimely filed) (citing WEBSTER'S NEW INTERNATIONAL DICTIONARY 1154 (3d ed. 1981)). "Inducement" means "[t]he act or process of enticing or persuading another to take a certain course of action." *Scott v. State*, 173 S.W.3d 856, 862 (Tex. App.—Texarkana 2005) (quoting BLACK'S LAW DICTIONARY 790 (8th ed.)), *aff'd in part, rev'd in part*, 235 S.W.3d 255 (Tex. Crim. App. 2007). It also means "to lead or move by persuasion or influence, as to some action or state of mind . . . to bring about, produce, cause." *Scott*, 173 S.W.3d at 862 (quoting RANDOM HOUSE DICTIONARY OF THE ENGLISH LANGUAGE 975 (2d ed. 1987)).[4]

"Employing," "authorizing," or "inducing" someone need not involve any speech at all. *See Dornbusch v. State*, 156 S.W.3d 859, 867 (Tex. App.—Corpus Christi 2005, pet. ref'd) ("[N]owhere in [section 43.25(b)], nor in the common understanding of the word, is there any requirement that inducement be verbal and explicit."). It is a well-established tenet of

---

[4] Citing the definition of "induce" used in *Scott*, appellant seeks to equate "induce" with "persuade." *See Scott*, 173 S.W.3d at 862. At no point, however, does *Scott* equate "inducement" and "persuasion." *See id*. (providing multiple definitions of "inducement"). Rather, persuasion is one form of inducement.

constitutional law that the mere occurrence of some verbal expression in connection with one's conduct does not trigger the First Amendment's speech protections. "We cannot accept the view that an apparently limitless variety of conduct can be labeled 'speech' whenever the person engaging in the conduct intends thereby to express an idea." *United States v. O'Brien*, 391 U.S. 367, 376 (1968); *see also City of Dallas v. Stanglin*, 490 U.S. 19, 25 (1989) ("It is possible to find some kernel of expression in almost every activity a person undertakes—for example, walking down the street or meeting one's friends at a shopping mall—but such a kernel is not sufficient to bring the activity within the protection of the First Amendment.").

Further, most utterances that might result from efforts to "employ," "authorize," or "induce" a child to engage in sexual conduct or a sexual performance would be part of an illegal transaction and would not enjoy the protection of the First Amendment. *See Williams*, 553 U.S. at 297 (speech generated in connection with illegal transaction enjoys no First Amendment protection); *see also Lo*, 424 S.W.3d at 16–17 (concluding, in dicta, that portion of online solicitation of a minor act criminalizing use of electronic communications to solicit a minor to engage in certain sexual behavior is constitutional because soliciting minor to engage in sexual relations would be illegal transaction not protected by First Amendment, and thus section of statute focused on *conduct* of requesting minor to engage in illegal sexual acts rather than *speech*); *United States v. Gagliardi*, 506 F.3d 140, 147–48 (2d Cir. 2007) (federal statute that makes it an offense to knowingly persuade, induce, or entice a minor to engage in sexual activity of criminal nature not overbroad because statute punishes act of enticing or attempting to entice minor rather than implicating speech). Most of the conceivable transactions within the scope of section 43.25(b) are criminal acts proscribed by other penal code provisions. *See, e.g.*, TEX. PENAL CODE ANN. §§ 21.11 (indecency with a child), 22.011(a)(2) (sexual assaults against children), 33.021(c) (online solicitation of a minor) (West 2011), §§ 15.031(b) (criminal

solicitation of a minor), 20A.02(a)(7) (trafficking a child to participate in sexual offenses), 21.02 (continuous sexual abuse of a child), 21.12 (improper relationship between educator and student), 22.021(a)(1)(B) (aggravated sexual assault of a child), 43.02–.05 (prostitution offenses), 43.251 (employment harmful to children), and 43.26 (possession or promotion of child pornography) (West Supp. 2014).

Because section 43.25(b) regulates activities that are otherwise illegal in the overwhelming majority of circumstances falling within the statute's scope, it differs from the authorities appellant relies upon to argue that the proscribed activity constitutes "speech." The "interrupting," "begging," and "encouraging" prohibited in *Hill*, *Loper*, and *Melchert-Dinkel* not only regulated what would generally otherwise be legal activities, but also potentially punished or deterred certain constitutionally protected speech. As the court pointed out in *Hill*, the portions of the city ordinance at issue in that case making it an offense to assault or strike a police officer would be preempted by state law leaving only "verbal interruptions" of police as the regulated activity. *See Hill*, 482 U.S. at 460–61. Thus, the Supreme Court concluded the ordinance "deals not with core criminal conduct, but with speech." *Id*. at 460. The court in *Loper* concluded that a prohibition on "begging" "prohibits speech as well as conduct of a communicative nature." *Loper*, 999 F.2d at 702. The court opined that while begging could be restricted in certain locations, such as the subway system, "[t]he sidewalks of the City of New York fall into the category of public property traditionally held open to the public for expressive activity." *Id*. at 702–04. Likewise, in *Melchert-Dinkel*, the Minnesota statute prohibiting a person from "advising" or "encouraging" another to commit suicide involves a substantial amount of speech. As stated in the opinion:

> the common definitions of "advise" and "encourage" broadly include speech that provides support or rallies courage. . . . Furthermore, the "advise[ ]" and "encourage[ ]" prohibitions are broad enough to permit the State to prosecute general discussions of suicide with specific individuals or groups. Speech in

support of suicide, however distasteful, is an expression of a viewpoint on a matter of public concern . . . .

*See Melchert-Dinkel*, 844 N.W.2d at 23–24.

In an attempt to show the statute is overbroad, appellant focuses upon instances in which speech associated with purportedly lawful activity may be improperly penalized and offers a total of seven examples (one being his own alleged circumstances)[5] to demonstrate the statute's invasion of constitutionally protected speech. One of appellant's examples, first delivered in his reply brief, involving a seventeen-year-old boy encouraging another seventeen-year-old boy to have sex with a thirty-year-old woman, would be covered by an affirmative defense incorporated in the statute. *See* TEX. PENAL CODE ANN. § 43.25(f)(3) (West 2011) (providing an affirmative defense if the defendant is not more than two years older than the child). The other six examples fall into two categories: parents "authorizing" their teenage children to have sexual relations by approving teen sexual activity, providing birth control, and indicating a preference that the child rely upon masturbation rather than having sexual relationships with other teens; and adults inducing sexual conduct or sexual performances from seventeen-year-old children with whom the adults may have consensual sexual relations under Texas law. To the extent the statute restricts any constitutionally protected speech, we agree with appellant that the statute is a "content-based" restriction and, therefore, subject to strict scrutiny. *Thompson*, 442 S.W.3d at 345.

We are cognizant that parents have broad authority under the Constitution to raise their children free of excessive interference from the State. *See Troxel v. Granville*, 530 U.S. 57, 65–

---

[5] According to appellant, the charges arise from Skype internet video calls in which E.D. would masturbate on camera while appellant watched. Appellant alleges the Skype sessions occurred while he was on business trips out of the country, were not recorded, and were private communications. Appellant alleges he was forty-three years old at the time of the Skype sessions, E.D. was seventeen years old, and he had an ongoing relationship with her that involved sexual contact. Appellant may not raise an "as applied" challenge to the statute in a pretrial application for writ of habeas corpus. *See Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010). Therefore, we consider appellant's allegation only as a hypothetical application of the statute.

66 (2000) (recognizing the Due Process Clause of the Fourteenth Amendment "protects the fundamental right of parents to make decisions concerning the care, custody, and control of their children"). The precise scope of a parent's right to counsel his or her child on matters of sexuality is not before this Court, and we express no opinion on the subject. We note only that to the extent a parent knowingly employs, authorizes, or induces his or her child under the age of seventeen years to engage in sexual conduct or a sexual performance that would constitute a violation of a provision of the Texas Penal Code, any speech connected with that activity would not enjoy the protection of the First Amendment. *See Williams*, 553 U.S. at 297.[6]

Accordingly, regardless of whether the defendant is a parent, the only applications of section 43.25(b) that could conceivably pose a danger of regulating or chilling constitutionally protected speech involve persons "authorizing" or "inducing" a seventeen-year-old child to engage in sexual conduct or a sexual performance. Appellant contends that because it is legal for an adult to have consensual sexual relations with a seventeen-year-old child without violating the Texas Penal Code, section 43.25(b) is overbroad in criminalizing the inducement of legal sexual conduct or sexual performance by such a child. Appellant also suggests that section 43.25(b) is not narrowly tailored precisely because of the anomaly between the provisions in Title Five of the penal code setting the age of consent in Texas at seventeen years and article 43.25(b) setting the age below which a child may not be authorized or induced to engage in sexual conduct or a sexual performance at eighteen years. *Compare* TEX. PENAL CODE ANN. §§ 21.11(a), 22.011(c)(1), and 22.021(b)(1) *with* § 43.25(b). Appellant suggests the statute

---

[6] We note the parties disagree on whether the "authorizes" and "induces" portion of section 43.25(b) even applies to parents. Citing an unpublished opinion, appellant contends parents are subject to the "authorizes" and "induces" sentence of the statute. *See Melder v. State*, No. 12-12-00400-CR, 2014 WL 1922570, at *3 (Tex. App.—Tyler May 14, 2014, pet. ref'd) (mem. op., not designated for publication). The State contends parents and legal guardians are subject only to the second sentence in section 43.25(b) prohibiting them from consenting to the child's participation in a sexual performance. Because we conclude the most problematic application of the statute involves authorization or inducement of seventeen-year-old children that have reached the age of consent under Texas law, the dispute is immaterial to our analysis.

should have been narrowed to criminalize only authorization or inducement that constitutes a violation of penal code sections 21.11, 22.011, or 22.021. We disagree.

*Dornbusch* addresses the inducement of seventeen year olds. The defendant in that case was convicted of inducing a child to engage in sexual conduct. *See Dornbusch*, 156 S.W.3d at 864. The evidence showed the defendant, a male high school band director, lured two seventeen-year-old female students to a motel room on the pretense of helping him run errands during the school day. *See id.* Once in the motel room, the defendant and the girls entered the hot tub. *Id.* The defendant teased the girls for wearing towels which they then removed. *Id.* The defendant touched their genitalia and then led each of them to the bed where he was rebuffed in his attempt to perform oral sex on one girl and he performed oral sex on the other. *Id.* Among many challenges on appeal, the defendant contended that his conviction would lead to the "absurd" result that he could be punished under section 43.25(b) for inducing a seventeen year old to engage in consensual sexual conduct for which he could not be punished under section 21.11 of the penal code that prohibits indecency with a child under seventeen years of age. *See id.* at 871. The appellate court disagreed, noting that section 21.11 does not control the interpretation of section 43.25(b). *See id.* The court took issue with the defendant's characterization of section 21.11 as "legalizing" sexual conduct with seventeen-year-old children, concluding instead that it "merely does not allow such an act to be prosecuted as indecency with a child." *Id.* The court pointed out that section 21.11 is contained within a portion of the penal code that addresses offenses against persons while section 43.25(b) is contained within a portion of the penal code that criminalizes offenses against public decency and order. *Id.* The court concluded that "although an adult's consensual sexual contact with a seventeen-year-old cannot be prosecuted as indecency with a child, the teenager's consent to sex does not de-criminalize the adult's

–11–

conduct under section 43.25(b) because the adult's conduct is a crime against the public, not against the teenager." *Id.*

Although there is some overlap between the offenses set forth in Title Five of the penal code, addressing offenses against persons, and the offenses set forth in Title Nine of the penal code, addressing offenses against public order and decency, we see no necessary inconsistency between the provisions of these titles and no reason why the age of consent to sexual relations in the Title Five offenses need be the same as the threshold age for prosecutions of conduct violative of public order and decency in Title Nine. *Compare* §§ 21.11(a), 22.011(a)(2), (c)(1), and 22.021(a)(1)(B), (b)(1) (criminalizing sexual conduct with persons younger than seventeen years of age), *with* §§ 43.02(c)(3), 43.03(b)(2), 43.04(b), 43.251(a)(1), and 43.26(a)(1) (criminalizing or enhancing punishment for offenses involving persons younger than eighteen years of age). Appellant has not provided any authority mandating an age limit on regulations aimed at protecting children and society from adults exploiting children for sexual purposes. We do not find the argument persuasive that the age restriction cannot be set by the legislature at seventeen years for some purposes and eighteen years for others. *See, e.g.*, 18 U.S.C.A. § 2256(1) (West 2015) (defining "minor" as "any person under the age of eighteen years" for purposes of federal law prohibiting the sexual exploitation and other abuse of children). Appellant's suggestion that we interpret the statute to encompass only sexual conduct or sexual performances that are otherwise proscribed by Title Five offenses does not fully grasp the significance of the government's compelling interest in protecting children from sexual exploitation. *See New York v. Ferber*, 458 U.S. 747, 757 (1982) (recognizing "[t]he prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance").

Because seventeen years is the age of consent to sexual relations in Texas, and thus speech incidental to such relations would not be categorically excluded from protection under the First Amendment, we agree with appellant that application of section 43.25(b) to the authorization or inducement of seventeen-year-old children to engage in sexual conduct or a sexual performance is the most problematic application of the statute. However, the set of applications where the regulation is problematic is narrowed drastically by the removal of cases involving only conduct as inducement, cases where the speech seeks to induce a criminal act, the statute's scienter requirement that the inducement occur "knowing the character and content thereof," and the affirmative defenses incorporated into the statute. We conclude for the vast majority of its potential applications, section 43.25(b) does not raise issues of constitutional dimension. In contemplating the small subset of potential applications that are left, we are persuaded that the existence of some rare impermissible application does not establish that the statute is *substantially* overbroad. *See Williams*, 553 U.S. at 303. In reaching this conclusion, we note the differences between the narrow intrusion into the First Amendment of section 43.25(b) as opposed to other statutes declared substantially overbroad. *See, e.g.*, *Stevens*, 559 U.S. at 461–62 (noting that the challenged statute banning commercial depictions of cruelty to animals "creates a criminal prohibition of alarming breadth" that would apply to hunting magazines and videos); *Thompson*, 442 S.W.3d at 350 (describing the scope of the improper photography statute as "breathtaking" and noting it would apply "to any non-consensual photograph, occurring anywhere, as long as the actor has an intent to arouse or gratify sexual desire"); *Lo*, 424 S.W.3d at 20, 23 (observing that unconstitutional portion of online solicitation act would "prohibit[ ] the dissemination of a vast array of constitutionally protected speech and materials" including works of literature, television shows, movies, performances, and art); *Ex parte Perry*, No. 03-15-00063-CR, 2015 WL 4514696, at *38 (Tex. App.—Austin July 24, 2015,

no pet. h.) (concluding statute prohibiting coercion of a public servant was so overbroad it would criminalize public servants' lawful exercise of their powers and "much of the ordinary day-to-day workings of government").

We conclude section 43.25(b) does not reach a substantial amount of constitutionally protected speech, judged in relation to the statute's plainly legitimate sweep; is not unconstitutionally overbroad; and is narrowly tailored to serve a compelling governmental interest. *See Stevens*, 559 U.S. at 473; *Lo*, 424 S.W.3d at 15. Therefore, appellant's facial challenge to section 43.25(b) must fail. *Hill*, 482 U.S. at 458–59; *Hoffman Estates*, 455 U.S. at 494. We resolve appellant's sole issue against him.

We affirm the trial court's order denying relief on appellant's application for pretrial writ of habeas corpus.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

Publish
TEX. R. APP. P. 47

150355F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE JEFFREY WAYNE FUJISAKA

No. 05-15-00355-CR

On Appeal from the 416th Judicial District Court, Collin County, Texas,
Trial Court Cause No. 416-80264-2015.
Opinion delivered by Justice Fillmore,
Justices Myers and Evans participating.

Based on the Court's opinion of this date, the order of the trial court denying relief on appellant's application for pretrial writ of habeas corpus is **AFFIRMED**.

Judgment entered this 12th day of August, 2015.