**Affirmed and Majority and Concurring Opinions filed October 4, 2022.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-21-00576-CR

---

## EX PARTE MEDGER CHAUNCEY DUCKENS

---

**On Appeal from the 339th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1688385**

---

## M A J O R I T Y   O P I N I O N

In this appeal from a judgment denying a pretrial application for writ of habeas corpus, appellant Medger Chauncy Duckens contends that Penal Code section 43.25, which prohibits sexual performance by a child, is facially overbroad and violates the free speech clauses of the United States and Texas Constitutions. *See* Tex. Penal Code § 43.25; U.S. Const. amend. I; Tex. Const. art. I, § 8. We affirm.

### Background

Penal Code section 43.25, entitled "Sexual Performance by a Child," provides that a person commits an offense if:

knowing the character and content thereof, he employs, authorizes, or induces a child younger than 18 years of age to engage in sexual conduct or a sexual performance.

Tex. Penal Code § 43.25(b). "Sexual conduct" includes lewd exhibition of the genitals. *Id.* § 43.25(a)(2). "Sexual performance" means any performance or part thereof that includes sexual conduct by a child younger than 18 years of age. *Id.* § 43.25(a)(1).

A Harris County grand jury indicted appellant on one count of sexual performance by a child in violation of Penal Code section 43.25. The indictment alleged that appellant:

on or about June 30, 2011, did then and there unlawfully, and knowing the character and content thereof, employ, authorize, or induce a child younger than eighteen years of age, namely K.D., hereafter called the Complainant, to engage in sexual conduct, to-wit: the complainant lewdly exhibited her genitals.

Appellant sought pretrial dismissal of the charge in an application for writ of habeas corpus, in which he asserted that section 43.25 is unconstitutional. Specifically, he asserted that section 43.25 is facially overbroad for two reasons:

- Because it punishes the employment, authorization, or inducement of consensual expressive conduct by people who may effectively consent to that conduct, which does not implicate the purposes of the child pornography exception to free speech; and

- Because it punishes the employment, authorization, or inducement of "simulated" expressive sexual conduct, which does not implicate the purposes of the child pornography exception to free speech.

The trial court held a hearing at which no evidence was taken. Following the hearing, the trial court denied appellant's request to dismiss the indictment. Appellant timely appealed.

2

**Analysis**

In his first two issues, appellant contends that section 43.25(b) is facially unconstitutional under federal and state constitutional free-speech guarantees. Further, appellant asserts in his third issue that the prohibited conduct falls outside the scope of acceptable regulation on content-based speech, such as restrictions on incitement speech or speech integral to criminal conduct. According to appellant, the punishable conduct at issue is not a type of unprotected speech, the prevention and punishment of which has "'never been thought to raise any Constitutional problem.'" *United States v. Stevens*, 559 U.S. 460, 469 (2010) (quoting *Chaplinsky v. New Hampshire*, 315 U.S. 568, 571-72 (1942)).

## A. Standard of Review and Applicable Law

We generally review a trial court's ruling on an application for writ of habeas corpus using an abuse-of-discretion standard, and we view any evidence in the light most favorable to that ruling and defer to implied factual findings supported by the record. *Ex parte Fusselman*, 621 S.W.3d 112, 116 (Tex. App.—Houston [14th Dist.] 2021, pet. ref'd). Pretrial habeas corpus proceedings are separate criminal actions, and the applicant has the right to an immediate appeal before trial begins. *Id.* (citing *Greenwell v. Court of Appeals for the Thirteenth Judicial Dist.*, 159 S.W.3d 645, 649-50 (Tex. Crim. App. 2005)). A defendant may seek pretrial habeas relief only in limited circumstances, including a facial challenge to the constitutionality of a statute. *Greenwell*, 159 S.W.3d at 649-50 (citing *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005), and *Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010)).

A facial challenge attacks the statute itself rather than the statute's application to the defendant. *Peraza*, 467 S.W.3d 508, 514 (Tex. Crim. App. 2015). Generally, to mount a successful facial constitutional challenge, the challenger must establish

3

that no set of circumstances exists under which the statute would be valid or that the statute lacks any plainly legitimate sweep. *Id.*; *see also Stevens*, 559 U.S. at 472. But in the case of statutes that encroach upon activity protected by the First Amendment, the challenger may also bring a "substantial overbreadth" challenge. *Fusselman*, 621 S.W.3d at 116. Under such a challenge, a statute may be invalidated as overbroad if "a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep." *Stevens*, 559 U.S. at 473; *see also Ashcroft v. Free Speech Coal.*, 535 U.S. 234, 255 (2002) (overbreadth doctrine prohibits government from banning unprotected speech if substantial amount of protected speech is prohibited or chilled in process). This type of facial challenge is available when a statute restricts or punishes speech based upon its content. *Fusselman*, 621 S.W.3d at 116.

A law is "content-based" if it distinguishes between favored and disfavored speech on the basis of the views expressed or if it is necessary to review the content of the speech in order to determine whether the speaker violated the law. *Ex parte Thompson*, 442 S.W.3d 325, 345 (Tex. Crim. App. 2014). A content-based regulation that distinguishes favored from disfavored speech based on the views expressed is presumptively invalid, and the government bears the burden to rebut that presumption. *Ex parte Lo*, 424 S.W.3d 10, 15 (Tex. Crim. App. 2013). We apply the "most exacting scrutiny to regulations that suppress, disadvantage, or impose different burdens on speech because of its content." *Id.* To satisfy such a strict scrutiny review, a statute that regulates speech must be necessary to serve a compelling state interest and be narrowly drawn. *Id.* To be considered narrowly drawn, a law must employ the least restrictive means to achieve its goal and a close nexus must exist between the state's compelling interest and the restriction. *Id.* The statute does not survive strict scrutiny review if there is a less restrictive means of

4

meeting the state's compelling interest that would be at least as effective as the statute under review. *Id.* at 15-16. But a statute may not be held overbroad merely because it is possible to conceive of some impermissible applications. *United States v. Williams*, 553 U.S. 285, 303 (2008).

## B. Constitutional Overbreadth Analysis

Appellant raises a substantial overbreadth challenge. The first step is to construe the challenged statute. *Fusselman*, 621 S.W.3d at 117; *Ex parte Dehnert*, 605 S.W.3d 885, 889 (Tex. App.—Houston [1st Dist.] 2020, pet. ref'd). Penal Code section 43.25(b) provides that a person commits an offense if:

> knowing the character and content thereof, he employs, authorizes, or induces a child younger than 18 years of age to engage in sexual conduct or a sexual performance. A parent or legal guardian or custodian of a child younger than 18 years of age commits an offense if he consents to the participation by the child in a sexual performance.

Tex. Penal Code § 43.25(b).[1] "Sexual conduct" under this statute includes "sexual contact, actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sado-masochistic abuse, or lewd exhibition of the genitals, the anus, or any portion of the female breast below the top of the areola." *Id.* § 43.25(a)(2). "Sexual performance" means "any performance or part thereof that includes sexual conduct by a child younger than 18 years of age." *Id.* § 43.25(a)(1). "Performance" includes "any play, motion picture, photograph, dance, or other visual representation that can be exhibited before an audience of one or more persons." *Id.* § 43.25(a)(3). "Simulated" means "the explicit depiction of sexual conduct that creates the appearance of actual sexual conduct and during which a

---

[1] It is an affirmative defense to prosecution that: (1) the defendant was the spouse of the child at the time of the offense; (2) the conduct was for a bona fide educational, medical, psychological, psychiatric, judicial, law enforcement, or legislative purpose; or (3) the defendant was not more than two years older than the child. *Id.* § 43.25(f).

person engaging in the conduct exhibits any uncovered portion of the breasts, genitals, or buttocks." *Id.* § 43.25(a)(6).

In his first issue, appellant argues, "Section 43.25(b) is facially overbroad because it punishes the employment, authorization, or inducement of consensual expressive conduct by people who may effectively consent to that conduct, which does not implicate the purposes of the child pornography exception to free speech."[2] Drawing a comparison to the sexual assault statute, Penal Code section 22.011, appellant bases his overbreadth argument on the premise that "sexual conduct involving seventeen-year-olds is not a crime" in Texas. According to appellant, the State lacks a "compelling interest" in forbidding speech which induces sexual conduct by seventeen-year-olds because the "production of performances of seventeen-year-olds is not a valid crime," and "the prohibition of such performances deters no crime."

The Fifth Court of Appeals has rejected the same constitutional overbreadth challenge to the sexual-performance-of-a-child statute as appellant raises here. *See Ex parte Fujisaka*, 472 S.W.3d 792, 800-02 (Tex. App.—Dallas 2015, pet. ref'd). In explaining the compelling interest the State has in protecting children from sexual exploitation, the court observed:

> Although there is some overlap between the offenses set forth in Title Five of the penal code, addressing offenses against persons, and the offenses set forth in Title Nine of the penal code, addressing offenses against public order and decency, we see no necessary inconsistency between the provisions of these titles and no reason why the age of consent to sexual relations in the Title Five offenses need be the same as the threshold age for prosecutions of conduct violative of public order and decency in Title Nine. *Compare* §§ 21.11(a), 22.011(a)(2), (c)(1), and 22.021(a)(1)(B), (b)(1) (criminalizing sexual conduct with

---

[2] Child pornography is not protected speech under the First Amendment. *See Osborne v. Ohio*, 495 U.S. 103 (1990); *New York v. Ferber*, 458 U.S. 747 (1982).

persons younger than seventeen years of age), *with* §§ 43.02(c)(3), 43.03(b)(2), 43.04(b), 43.251(a)(1), and 43.26(a)(1) (criminalizing or enhancing punishment for offenses involving persons younger than eighteen years of age). Appellant has not provided any authority mandating an age limit on regulations aimed at protecting children and society from adults exploiting children for sexual purposes. We do not find the argument persuasive that the age restriction cannot be set by the legislature at seventeen years for some purposes and eighteen years for others. *See, e.g.*, 18 U.S.C.A. § 2256(1) (West 2015) (defining "minor" as "any person under the age of eighteen years" for purposes of federal law prohibiting the sexual exploitation and other abuse of children). Appellant's suggestion that we interpret the statute to encompass only sexual conduct or sexual performances that are otherwise proscribed by Title Five offenses does not fully grasp the significance of the government's compelling interest in protecting children from sexual exploitation. *See New York v. Ferber*, 458 U.S. 747, 757 (1982) (recognizing "[t]he prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance").

*Id.* at 800-01.[3]

The *Fujisaka* court went on to explain that the sexual performance of a child statute is narrowly drawn:

Because seventeen years is the age of consent to sexual relations in Texas, and thus speech incidental to such relations would not be categorically excluded from protection under the First Amendment, we agree with appellant that application of section 43.25(b) to the authorization or inducement of seventeen-year-old children to engage in sexual conduct or a sexual performance is the most problematic application of the statute. However, the set of applications where the regulation is problematic is narrowed drastically by the removal of cases involving only conduct as inducement, cases where the speech seeks to induce a criminal act, the statute's scienter requirement that the

---

[3] This court quoted the same language with approval in *Fusselman*, where we rejected the appellant's arguments that section 43.26, prohibiting the possession of child pornography, was overbroad because it prohibits the possession of pornography depicting seventeen-year-olds. *See Fusselman*, 621 S.W.3d at 118-19.

inducement occur "knowing the character and content thereof," and the affirmative defenses incorporated into the statute. We conclude for the vast majority of its potential applications, section 43.25(b) does not raise issues of constitutional dimension. In contemplating the small subset of potential applications that are left, we are persuaded that the existence of some rare impermissible application does not establish that the statute is *substantially* overbroad. *See Williams*, 553 U.S. at 303, 128 S.Ct. 1830. In reaching this conclusion, we note the differences between the narrow intrusion into the First Amendment of section 43.25(b) as opposed to other statutes declared substantially overbroad. *See, e.g.*, *Stevens*, 559 U.S. at 461-62, 130 S.Ct. 1577 (noting that the challenged statute banning commercial depictions of cruelty to animals "creates a criminal prohibition of alarming breadth" that would apply to hunting magazines and videos); *Thompson*, 442 S.W.3d at 350 (describing the scope of the improper photography statute as "breathtaking" and noting it would apply "to any non-consensual photograph, occurring anywhere, as long as the actor has an intent to arouse or gratify sexual desire"); *Lo*, 424 S.W.3d at 20, 23 (observing that unconstitutional portion of online solicitation act would "prohibit[] the dissemination of a vast array of constitutionally protected speech and materials" including works of literature, television shows, movies, performances, and art); *Ex parte Perry*, 471 S.W.3d 63, 121 (Tex. App.—Austin 2015, no pet. h.) (concluding statute prohibiting coercion of a public servant was so overbroad it would criminalize public servants' lawful exercise of their powers and "much of the ordinary day-to-day workings of government").

*Fujisaka*, 472 S.W.3d at 800-02.

We agree with the Fifth Court of Appeals and likewise conclude that section 43.25(b) does not reach a substantial amount of constitutionally protected speech, judged in relation to the statute's plainly legitimate sweep. *See id.* We too hold that the statute is not unconstitutionally overbroad, and it is narrowly tailored to serve a compelling government interest. *Id.* (citing *Stevens*, 559 U.S. at 473; *Lo*, 424 S.W.3d at 15). Accordingly, appellant's facial challenge under the United States Constitution must fail. We overrule appellant's first issue.

In appellant's second issue, he asserts that section 43.25 is facially unconstitutional under article I, section 8 of the Texas Constitution[4] for the same reason raised in his first issue. Relying on *Davenport v. Garcia*, 834 S.W.2d 4, 8 (Tex. 1992), appellant contends that the Texas Constitution provides broader protection, not in the sense that article I, section 8 can be read more broadly than the First Amendment, but "in the narrower context of Texas, rather than the republic." In this regard, appellant relies again on the age of consent in Texas, a proposition we rejected in disposing of appellant's first issue.

As we have previously observed,[5] the Supreme Court of Texas has not interpreted article I, section 8 of the Texas Constitution more broadly than the First Amendment in any case that does not involve an issue of a prior restraint on free speech. *Tex. Dep't of Transp. v. Barber*, 111 S.W.3d 86, 106 (Tex. 2003); *Sanchez v. Striever*, 614 S.W.3d 233, 244 (Tex. App.—Houston [14th Dist.] 2020, no pet.). This case neither involves an issue of a prior restraint on free speech, nor has appellant shown any reason, based on "'the text, history, or purpose of [Article I, Section 8],'" for us to expand the protections afforded beyond those provided by the First Amendment. *Barber*, 111 S.W.3d at 106 (quoting *Operation Rescue-Nat'l v. Planned Parenthood of Houston & Se. Tex., Inc.*, 975 S.W.2d 546, 559 (Tex. 1998)).

Under these circumstances, we overrule appellant's second issue asserting facial overbreadth on state constitutional grounds.

---

[4] "Every person shall be at liberty to speak, write or publish his opinions on any subject, being responsible for the abuse of that privilege; and no law shall ever be passed curtailing the liberty of speech or of the press." Tex. Const. art. I, § 8.

[5] *Fusselman*, 621 S.W.3d at 120; *see also Dehnert*, 605 S.W.3d at 895-96.

9

## C.   Appellant's Remaining Issue Is Unpreserved

In his third issue, appellant urges that section 43.25(b) also fails constitutional muster because it is not a permissible regulation of unprotected speech, as one that acceptably proscribes incitement to imminent lawless action, an offer to engage in an illegal transaction, or speech integral to criminal conduct. Appellant did not raise any of these challenges in his application. Accordingly, appellant's third issue is unpreserved. *See* Tex. R. App. P. 33.1; *Fusselman*, 621 S.W.3d at 122-23; *State v. Condran*, 951 S.W.2d 178 (Tex. App.—Dallas 1997), *pet. dism'd as improv. granted*, 977 S.W.2d 144 (Tex. Crim. App. 1998); *Galvan v. State*, 869 S.W.2d 526, 528 (Tex. App.—Corpus Christi 1993, pet. ref'd) (when reviewing an appeal from the denial of a pretrial application for writ of habeas corpus, we review the record as it existed before the trial court at the time of the habeas hearing).

We overrule appellant's third and final issue.

## Conclusion

We affirm the trial court's judgment denying appellant's application for writ of habeas corpus.


/s/     Kevin Jewell
        Justice


Panel consists of Justices Jewell, Zimmerer, and Hassan (Hassan, J., concurring).
Publish — Tex. R. App. P. 47.2(b).