**Opinion filed July 24, 2025**



## In The

# Eleventh Court of Appeals

_____

### No. 11-24-00035-CR

_____

### JOHN DAVID TRICE, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 266th District Court**

**Erath County, Texas**

**Trial Court Cause No. 23CRDC-00077**

### O P I N I O N

A jury convicted Appellant, John David Trice, of: one count of continuous sexual abuse of a child, a first-degree felony (Count One); four counts of indecency with a child by sexual contact, a second-degree felony (Counts Two through Five); one count of sexual assault of a child, a second-degree felony (Count Six); and one count of sexual performance by a child, a second-degree felony (Count Seven). *See* TEX. PENAL CODE ANN. §§ 21.02(b), (h), 21.11(a)(1), (d), 22.011(a)(2)(C), (f),

43.25(b), (c) (West 2019 & Supp. 2024).  The following punishment was assessed by the jury: forty years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice on Count One; ten years' imprisonment on Count Two; twelve years' imprisonment on Count Three; fifteen years' imprisonment on Count Four; twelve years' imprisonment on Count Five; twenty years' imprisonment on Count Six; and, ten years' imprisonment on Count Seven.  The trial court sentenced Appellant accordingly and ordered the sentences to run concurrently.

In three issues, Appellant argues that (1) he was deprived of a unanimous verdict in violation of the Sixth and Fourteenth Amendments because one juror equivocated post-verdict; (2) the trial court abused its discretion when it refused to sever Count Seven; and (3) the continuous sexual abuse statute is unconstitutional because it allows for a nonunanimous verdict.  We affirm.

*Factual and Procedural History*

Appellant does not challenge the sufficiency of the evidence to support his conviction.  Thus, we limit our discussion to the facts that are necessary to the disposition of this appeal.

The investigation into Appellant began after Texas Department of Public Safety Texas Ranger, Billy James Hill, Jr., was contacted regarding sexual abuse allegations involving teen boys previously employed by Appellant at his ranch.  As part of Ranger Hill's investigation, he orchestrated a "controlled call" and an in-person meeting between one of the victims, T.G.1,[1] and Appellant.  Both the call and meeting were recorded, and in each instance, Appellant claimed that he could not remember sexually assaulting T.G.1.; Appellant, however, could recall times

---

[1]To protect the identity of the victims, we refer to them by their initials.  *See* TEX. CONST. art. I, § 30(a)(1) (providing that a crime victim has "the right to be treated . . . with respect for the victim's dignity and privacy throughout the criminal justice process"); *see generally* TEX. R. APP. P. 9.8 cmt. ("The rule does not limit an appellate court's authority to disguise parties' identities in appropriate circumstances in other cases.").

where the two were "chummy," talked about girls, and drank beer together. Ranger Hill then obtained Appellant's bank records to try to identify other teens who had worked for Appellant.

The State indicted Appellant for his acts against four victims. They testified as follows:

Child Victim No. 1 (Counts Two, Three, and Four): T.G.1, who was thirty years old at trial, was thirteen when he began working at Appellant's ranch. About one month into his employment, Appellant invited T.G.1 to drink beers together and began asking T.G.1 what he knew about women and if he knew how to pleasure them or pleasure himself. Eventually, Appellant invited T.G.1 inside his home, showed him pornography, and touched T.G.1's genitals. T.G.1 described three instances of sexual abuse and stated that he quit working for Appellant just before his fifteenth birthday, after Appellant attempted to demonstrate how to have sexual intercourse with a young colt.

Child Victim No. 2 (Count One): T.G.2 was twenty-five years old at trial and was twelve when he began working at Appellant's ranch. At some unspecified point, Appellant gave T.G.2 beer, showed T.G.2 pornography, and touched T.G.2's genitals, instructing T.G.2 to touch Appellant's genitals too. According to T.G.2, the sexual abuse was sometimes daily, other times "two or three times a week." T.G.2 was thirteen years old when he quit working for Appellant.

Child Victim No. 3 (Counts Five and Six): J.H. was twenty-one years old at trial and was fifteen when he began working at Appellant's ranch. One month into his employment, Appellant started talking to J.H. about sex, before later exposing J.H. to pornography and touching J.H.'s genitals with his hands and mouth. When J.H. was seventeen, Appellant paid him to put his mouth on Appellant's genitals. J.H. stated that, in addition to receiving payment for his employment, Appellant had also paid for his college tuition and had given him $15,000.

3

Child Victim No. 5 (Count Seven): C.S., who was twenty-five years old at trial, was seventeen when he began working for Appellant. Near the start of C.S.'s employment, Appellant gave C.S. alcohol, and C.S. confided in Appellant about his financial problems. Appellant then offered to help purchase things for C.S. in exchange for the opportunity to touch C.S.'s genitals and have C.S. touch his genitals. C.S. was given close to $4,000 in cash.

*Jury Unanimity*

Appellant first argues that he was deprived of a unanimous verdict in violation of the Sixth and Fourteenth Amendments of the U.S. Constitution after Juror No. 3 expressed being "undecided on her verdict" and returning a guilty verdict "against her will" because of a perceived "time deadline." *See Ramos v. Louisiana*, 590 U.S. 83, 101 (2020) (providing that the Sixth Amendment protects the right to a unanimous jury verdict and the Fourteenth Amendment extends this right to state-court trials); *Ex parte Stepherson*, 693 S.W.3d 364, 381 (Tex. Crim. App. 2024) (acknowledging the same).

A. *Relevant Background*

At trial, the jury was polled following their return of a guilty verdict on all counts. All jurors, including Juror No. 3, answered "Yes" when asked if it was "a unanimous verdict of the jury." Before the start of punishment proceedings the next day, however, the trial court notified the parties that Juror No. 3 had "indicated that she had felt pressured into reaching a verdict." Juror No. 3 was sworn in, and she testified that after the court had concluded for the day, she went online and learned about a hung jury and "looked up . . . if anything could be done . . . once [a verdict] was given." Juror No. 3 testified that she had been under the impression that they had to have a verdict the day before, and "there w[ere] a lot of things that [she] fe[lt] like [she] didn't have a chance to say." Juror No. 3 explained that she is someone who researches "everything" and has to "have facts of all kinds," and she "felt like

4

there w[ere] a lot of questions that [she] had yesterday" that went unanswered. Juror No. 3 acknowledged that she had answered affirmatively when the trial court previously questioned her about the unanimity of the verdict but claimed that she had answered "[a]gainst [her] will." When the trial court asked what words, if any, were said to her "that forced [her] to vote against [her] conscience," Juror No. 3 replied that she felt like "anybody can look at [her] the same way" as they look at Appellant and that scared her because she is also "involved in youth." Juror No. 3 maintained that she felt that the other jurors had been judging her all week and felt pressure to reach a verdict despite her needing more time.

At the conclusion of Juror No. 3's testimony, Appellant moved for a mistrial, arguing that there had not been a unanimous finding of guilt in violation of his rights under the state and federal constitutions and Article 36.29 of the Texas Code of Criminal Procedure. The trial court overruled Appellant's motion, relying in part on authority from this court. *See Tompkins v. State*, 869 S.W.2d 637, 640 (Tex. App.— Eastland 1994, *pet. dism'd, improvidently granted*, 888 S.W.2d 825 (Tex. Crim. App. 1994). The trial court concluded that Juror No. 3's next-day reservations after voting and confirming that the verdict was unanimous did not invalidate the guilty verdict.

B. *Standard of Review*

Appellant and the State disagree on the standard of review applicable to this issue. It is Appellant's position that the standard of review is de novo because the trial court's ruling was a constitutional one. The State responds that "the trial court considered only a limited inquiry into a juror's misgivings about the unanimous jury verdict previously polled and received by the trial court," which was "strictly limited pursuant to Rule of Evidence 606." *See* TEX. R. EVID. 606. Appellant makes no mention of his motion for mistrial apart from the background section of his brief; however, Appellant's motion is the sole vehicle for which he argued before the trial

5

court that the verdict had not been unanimous. Appellant does not cite to,[2] nor are we able to find, any cases applying a de novo standard of review of a trial court's denial of a motion for mistrial based on a constitutionality challenge. The appropriate standard of review is abuse of discretion for a trial court's denial of a motion for mistrial. *See Becerra v. State*, 685 S.W.3d 120, 127 (Tex. Crim. App. 2024); *State v. Gutierrez*, 541 S.W.3d 91, 100 (Tex. Crim. App. 2017); *see, e.g.*, *Jenkins v. State*, 493 S.W.3d 583, 609 (Tex. Crim. App. 2016) (reviewing a trial court's denial of a motion for mistrial for an abuse of discretion where appellant argued a violation of his constitutional right to a fair and impartial jury trial); *see also Moore v. State*, No. 02-23-00152-CR, 2025 WL 353068, at *8–9 (Tex. App.— Fort Worth Jan. 30, 2025, no pet.) (mem. op., not designated for publication) (reviewing whether the trial court abused its discretion in denying the appellant's mistrial request based on allegations that his due process rights were violated when the jury returned a nonunanimous verdict); *Grantham v. State*, No. 06-21-00150-CR, 2022 WL 4232914, at *5 (Tex. App.—Texarkana Sept. 14, 2022, no pet.) (mem. op., not designated for publication) ("[T]he trial court did not abuse its discretion by denying Grantham's motion for a mistrial on constitutional grounds."). A mistrial is an extreme remedy, to be used sparingly and "for a narrow class of highly prejudicial and incurable errors" committed during the trial process. *Turner v. State*, 570 S.W.3d 250, 268 (Tex. Crim. App. 2018). The trial court is the sole judge of the credibility of the testifying jurors in a hearing for mistrial. *Garcia v. State*, 592

---

[2]Appellant cites to *Wall v. State*, 184 S.W.3d 730, 742 (Tex. Crim. App. 2006) which, in reviewing whether a statement is testimonial under *Crawford*, stated: "Although we defer to a trial court's determination of historical facts and credibility, we review a constitutional legal ruling, *i.e.* whether a statement is testimonial or non-testimonial, *de novo*." The *Wall* court reasoned, "[o]n that question trial judges are no better equipped than are appellate judges, and the ruling itself does not depend upon demeanor, credibility, or other criteria peculiar to personal observation." *Wall*, 184 S.W.3d at 743. By contrast, the trial court's ruling here appears to, in fact, exclusively "depend upon [the] demeanor, credibility, or other criteria peculiar to personal observation" of the juror. *See id.*

S.W.3d 590, 600 (Tex. App.—Eastland 2019, no pet.); *Moore*, 2025 WL 353068, at *8–9. Appellate courts give almost total deference to the trial court's determination if it is supported by the record. *Gutierrez*, 541 S.W.3d at 100 (concluding that although the record showed that the juror vacillated regarding his ability to be impartial, such situation is dependent on "demeanor, intonation, or expression," and the trial court's exercise of its discretion under such circumstances will be upheld on appeal).

C. *Applicable Law*

Under the federal and state constitutions, "[a] jury must reach a unanimous verdict in order to convict." *Ramos*, 590 U.S. at 90; *see* TEX. CONST. art. V, § 13; *see also* TEX. CODE CRIM. PROC. ANN. art. 36.29(a) (West Supp. 2024); *Ngo v. State*, 175 S.W.3d 738, 745 (Tex. Crim. App. 2005). Claims of juror coercion, juror misconduct, and outside influence implicate the constitutional right to a fair and impartial unanimous jury. *See Colyer v. State*, 428 S.W.3d 117, 127 (Tex. Crim. App. 2014) (outside influence); *Garcia*, 592 S.W.3d at 599 (juror misconduct); *Barnett v. State*, 161 S.W.3d 128, 135 (Tex. App.—Fort Worth 2005), *aff'd*, 189 S.W.3d 272 (Tex. Crim. App. 2006) (jury coercion). Relevant here, the Texas Court of Criminal Appeals has made clear that a juror's internal pressures are not "outside influences." *Colyer*, 428 S.W.3d at 125. "'[O]utside influence' has been interpreted by Texas courts to include factual or legal information conveyed to the jurors by a bailiff or some other unauthorized person who intends to affect the deliberations." *Id.*

D. *Analysis*

Appellant principally argues that despite Juror No. 3's verbal affirmation in open court that the finding of guilt had been unanimous when the jury was polled, Juror No. 3's decision was procured as a result of a deadline, thereby depriving Appellant of a unanimous verdict.. Given the trial court's reliance on *Tompkins* at

7

trial, Appellant additionally argues that *Tompkins* predates *Ramos*, a U.S. Supreme Court case that recognized that the "Sixth Amendment's unanimity requirement applies to state and federal criminal trials equally." *Ramos*, 590 U.S. at 93. Appellant further avers that *Tompkins* concerned the challenge to a verdict under Rule 606(b)—not federal law, and this case is distinguished from *Tompkins* because the juror there did not express feeling pressured by any deadline.[3]

With respect to Appellant's contention that *Ramos* usurps our holding in *Tompkins*, Appellant is mistaken. In *Tompkins*, a juror testified that she voted guilty because she "thought [they] had to come up with consensus of the entire jury," but she had not been convinced of the appellant's guilt. *Tompkins*, 869 S.W.2d at 640. The juror confirmed that she had not been threatened or coerced into voting guilty. *Id.* We then concluded that the juror's private reservations did not "cancel the legal effect of her vote," and therefore, the guilty verdict had indeed been unanimous, and the trial court did not abuse its discretion in overruling the appellant's motion for new trial. *Id.*

The *Ramos* Court analyzed two cases from Louisiana and Oregon, states that allowed nonunanimous verdicts in felony cases. *See Ramos*, 590 U.S. at 87. Texas, however, was already among the majority of the states requiring jury unanimity to secure a conviction. *Id.* ("In 48 States and federal court, a single juror's vote to acquit is enough to prevent a conviction. But not in Louisiana [or Oregon].");
*Leza v. State*, 351 S.W.3d 344, 356 (Tex. Crim. App. 2011). It is unclear then how *Ramos* would preclude an application of *Tompkins*, which was decided at a time when jury unanimity in Texas was already required in all felony verdicts. *See Edwards v. Vannoy*, 593 U.S. 255, 262 (2021) ("The Court's decision in *Ramos*

---

[3]Appellant also implies that the trial court should have conducted a Rule 606(b) inquiry—although the trial court did so—stating that the juror's "perceived time deadline in this case constitutes an external pressure subject to inquiry under [Rule] 606(b)."

directly affected Louisiana and Oregon, which were the only two States that still allowed non-unanimous juries."); *Becerra*, 685 S.W.3d at 128–29 & n.26 ("The right to a trial by jury arose in the common law . . . [i]t has been held in practically all our different state courts that such a trial contemplated that the jury . . . must be unanimous and uninfluenced by aught save the testimony." (quoting *Randel v. State*, 219 S.W.2d 689, 692–93 (Tex. Crim. App. 1949))); *see also* TEX. CONST. art. V, § 13; CRIM. PROC. art. 36.29(a).

Although Appellant is correct that *Tompkins* concerns jury misconduct or coercion arguments made pursuant to Rule 606(b), *Tompkins*, at minimum, provides us guidance here where, like in *Tompkins*, the trial court concluded that juror's post-verdict statements concerned private reservations, which had no legal effect on invalidating the verdict. *See Tompkins*, 869 S.W.2d at 640–41; *see also Moore*, 2025 WL 353068, at *9 ("A juror's subsequent expression of reservations about her verdict does not invalidate the verdict or render it less than unanimous."). A review of the record supports the trial court's finding.

Juror No. 3 expressed doubts post-verdict about having had adequate time to assess Appellant's guilt, but she did not attribute a source to her perceived time constraint and nonetheless voted to convict him and affirmed that she voted this way when polled by the trial court. *See Williams v. State*, 607 S.W.3d 131, 135 (Tex. App.—Eastland 2020, no pet.) ("Polling the jury is used to 'ensure the unanimity of the jury verdict by establishing that each juror agrees with the verdict as announced.'" (quoting *Jones v. State*, No. 01-10-00821-CR, 2011 WL 4612655, at *5 (Tex. App.—Houston [1st Dist.] Oct. 6, 2011, pet. ref'd) (mem. op., not designated for publication))). Significantly, there was no evidence that *any* source communicated a timeline for her to return a verdict, rendering this case distinguishable from every case cited by Appellant on appeal. *See United States v. Cowan*, 819 F.2d 89, 93 (5th Cir. 1987) (reviewing the appellant's challenge to the

9

propriety of the trial court's ex parte communications with the jury and concluding the trial court "not only pressured the jurors to decide the case that evening, but also suggested that any juror who did not understand the conspiracy instruction was unintelligent"); *United States v. Amaya*, 509 F.2d 8, 10 (5th Cir. 1975) (concluding the trial court erred in delivering an Allen type charge, which contained a statement "you have deliberated from 9:15 today and you deliberated for about 30 minutes yesterday, but we had one jury deliberate under circumstances such as you have expressed here to me for over nine days and they finally reached a verdict. So I'm going to give you an opportunity to reach a verdict"); *Goff v. United States*, 446 F.2d 623, 626 (10th Cir. 1971) (concluding the same where the trial court admonished the jury as follows: "If you cannot (reach a verdict) within, oh, we'll say the next hour or so and probably ought to go to lunch first, then, we'll have to declare a mistrial and set the case down for hearing again").

On these facts, where the only time constraint appears to have been self-imposed by Juror No. 3 (i.e., there was no misconduct), the trial court did not abuse its discretion in denying Appellant's motion for mistrial based on jury unanimity.[4] *See Adair v. State*, No. 03-11-00318-CR, 2013 WL 6665033, at *5, *8 (Tex. App.—Austin Dec. 12, 2013, no pet.) (mem. op., not designated for publication) (concluding trial court did not abuse its discretion in denying motion for new trial based on juror's claim that she had felt pressured by other jurors to vote guilty when she had raised her hand with the other jurors when the district court had asked the jurors if the guilty verdict "accurately reflects your verdict"); *cf. State v. Gallien*, 631 S.W.3d 885, 896 (Tex. App.—Houston [1st Dist.] 2021, pet. ref'd) (concluding the trial court had abused its discretion in granting the appellant's motion for mistrial where a juror sent a note following the verdict, which indicated that during the guilty

---

[4]Appellant does not argue on appeal that Juror No. 3 was coerced by the other jurors into returning a guilty verdict.

phase that the juror "felt pressured by the other jurors" and "changed her vote to guilty based on her fear of being bullied," noting that "total placidity is not the nature of jury deliberation"). We overrule Appellant's first issue.

*Severance*

Appellant next argues that the trial court abused its discretion when it refused to sever Count Seven because severance was mandatory.

A. *Preservation*

Although not briefed by either party, at the outset, we note a preservation issue. *See Gutierrez v. State*, 630 S.W.3d 270, 278 (Tex. App.—Eastland 2020, pet. ref'd) ("Preservation of error is a systemic requirement on appeal." (citing *Haley v. State*, 173 S.W.3d 510, 515 (Tex. Crim. App. 2005))).

Appellant filed a "Motion to Sever" prior to trial. The motion read in its entirety:

> COMES NOW, JOHN DAVID TRICE, Defendant in the above entitled and numbered cause and files this his Motion to Sever, pursuant to Texas Penal Code, Section 3.04 and in support thereof would show the Court as follows:
>
> I.
>
> The Defendant has been indicted for a felony offense of Continuance [sic] Sexual Abuse of a Child, Indecency With a Child, Sexual Assault and Sexual Performance [by] a Child in Erath County, Texas, alleged to have occurred against four different alleged child victims.
>
> II.
>
> Defendant moves the Court to sever the Indictment as to each alleged child victim. The allegations contained in the Indictment do not all arise out of the same criminal episode.
>
> WHEREFORE, premises considered, Defendant requests the Court to sever the Indictment as to each alleged child complainant in to separate Indictments.

A defendant may seek a severance when two or more offenses have been consolidated or joined for trial in a single criminal transaction. *See* PENAL § 3.04. When a defendant files a motion for severance, the trial judge does not have discretion to deny that motion unless the defendant has been charged with an offense listed in Section 3.03(b) of the Penal Code. *Werner v. State*, 412 S.W.3d 542, 546–47 & n.18 (Tex. Crim. App. 2013) ("If Section 3.03(b) applies, the defendant no longer enjoys a right to mandatory severance."). Where severance is discretionary, the trial court may sever charges if it determines that either the defendant or the State would be unfairly prejudiced by a consolidated trial. *Id.*

At the time of Appellant's motion, he had been charged with offenses listed in Section 3.03(b)(2)(A) for which severance is discretionary rather than mandatory: continuous sexual abuse of a child (Count One); indecency with a child by sexual contact (Counts Two through Five); sexual assault of a child (Count Six); and sexual performance by a child (Count Seven). *See* PENAL §§ 3.03(b)(2)(A), 21.02, 21.11, 22.011, 43.25. Following a hearing on Appellant's motion, the trial court denied his motion to sever. After jury selection, Appellant sought to re-urge his motion to sever, arguing that the trial court should sever counts as they relate to the individual victims. The trial court again denied Appellant's motion but permitted Appellant to have a running objection. Appellant then made no objection when C.S. testified in support of Count Seven, stating that he had been seventeen at the time of the offense—facts which no longer rendered severance discretionary under Section 3.03(b)(2)(A) because the applicability of that section turned on whether the victim was *under* seventeen at the time of the offense. *See* PENAL § 3.03(b)(2)(A). During oral argument in this court, the State affirmed that C.S.'s age had not been brought to the trial court's attention prior to trial.

Notably, Appellant makes a different argument on appeal than he made at trial. At trial, Appellant sought the universal severance of "each alleged child

12

victim," and made no reference to the age of any victim compelling mandatory severance by statute. On appeal, he challenges only the severance of Count Seven, arguing that "Section 3.03(b) only immunizes from mandatory severance 43.25 violations '*committed against a victim younger than 17,*'" and here, C.S. testified that he was seventeen at the time of the offense—not younger than seventeen. *See id.*

Assuming, without deciding, that Appellant preserved this argument for appeal, Appellant is correct that the evidence in support of Count Seven resulted in a charge that was mandatorily severable. *See id.*; *see also Rodriguez v. State*, No. 11-12-00020-CR, 2014 WL 358036, at *5 (Tex. App.—Eastland Jan. 30, 2014, no pet.) (mem. op., not designated for publication) ("Section 3.04(c) only applies to the offenses described in Section 3.03(b), which provides that the listed sexual offenses must be 'committed against a victim younger than 17 years of age at the time of the commission of the offense.'" (quoting PENAL § 3.03(b)(2)(A))).

B. *Standard of Review & Applicable Law*

We review severance error under a nonconstitutional harm analysis. *Werner*, 412 S.W.3d at 547. Thus, we must determine whether Appellant's substantial rights were adversely affected by the trial court's failure to grant a proper motion to sever. *See Rodriguez*, 2014 WL 358036, at *6. "[W]e assess harm after reviewing the entirety of the record, including the evidence, jury charge, closing arguments, voir dire, and any other relevant information." *Werner*, 412 S.W.3d at 547. "A defendant's substantial rights are not affected if the appellate court has fair assurance that the error did not influence the jury or had but a slight effect." *Rodriguez*, 2014 WL 358036, at *6. Pointedly, when evidence of one offense may be introduced in the trial of another offense, it weighs against a finding of harm. *See Werner*, 412 S.W.3d at 548–49; *Kelley v. State*, No. 07-16-00396-CR, 2017 WL 6614586, at *2 (Tex. App.—Amarillo Dec. 21, 2017, pet. ref'd) (mem. op., not designated for

13

publication) (applying the same); *Nkalari v. State*, No. 05-15-00943-CR, 2017 WL 655924, at *3 (Tex. App.—Dallas Feb. 17, 2017, no pet.) (mem. op., not designated for publication) (same); *Vela v. State*, No. 13-14-00249-CR, 2015 WL 1136182, at *4 (Tex. App.—Corpus Christi–Edinburg Mar. 12, 2015, no pet.) (mem. op., not designated for publication) (same); *Torres v. State*, No. 01-13-00300-CR, 2014 WL 4374119, at *3 (Tex. App.—Houston [1st Dist.] Sept. 4, 2014, pet. ref'd) (mem. op., not designated for publication) (same).

C. *Analysis*

Appellant contends that the harm was substantial because Count Seven "bore no resemblance to the remaining counts because of its transactional nature," apparently addressing the victim's receipt of money or compensation in exchange for sexual conduct.

In Count Seven, the State charged that Appellant did "intentionally or knowing [sic] induce a child who was then and there younger than 18 years of age, namely, [C.S.], to engage in sexual conduct, namely, touching the genitals of the Defendant, and the Defendant knew the character and content of the sexual conduct or sexual performance." The charge language mirrored the indictment, which followed the statutory language. *See* PENAL § 43.25(b). Sexual conduct is defined, in relevant part, as "sexual contact." *Id.* § 43.25(a)(2). Put plainly, Section 43.25(b) criminalizes the inducement of a child's sexual conduct regardless of whether it amounts to a commercial sexual act.[5] *See* PENAL § 43.25(b); *see, e.g., Chen v. State*, 42 S.W.3d 926, 930–31 (Tex. Crim. App. 2001) (upholding conviction of defendant

---

[5]We note that Count Seven, as charged, resembles Counts Two through Five, the indecency-with-a-child offense as charged. *See id.* § 21.11 (providing that a person commits the offense of indecency with a child if the person "engages in sexual contact with the child or causes the child to engage in sexual contact"); *see generally Ex parte Fujisaka*, 472 S.W.3d 792, 800–01 (Tex. App.—Dallas 2015, pet. ref'd) (recognizing the overlap between the two offenses, set forth in Title 5 of the penal code, addressing offenses against persons, and in Title 9 of the penal code, addressing offenses against public order and decency, respectively).

who attempted to induce child to engage in a noncommercial sexual act); *Dornbusch v. State*, 156 S.W.3d 859, 870 (Tex. App.—Corpus Christi–Edinburg 2005, pet. ref'd) (upholding conviction of defendant for sexual performance of a child over noncommercial sexual acts). Nonetheless, much of Appellant's argument hinges on what he describes as the "transactional nature" between he and C.S.— evidence he argues was unique to C.S., and thus harmful at trial. While transactional evidence may be inherent in the offense of sexual performance by a child, which also criminalizes the production and promotion of sexual contact involving minors, Appellant ignores (1) what was actually charged by the State in this instance (i.e., noncommercial sexual contact), and (2) with respect to evidence in support of what was charged, the fact that similar evidence existed between Appellant and another victim when that victim was seventeen. *See Chen*, 42 S.W.3d at 931; *Dornbusch*, 156 S.W.3d at 870. J.H., like C.S., testified at trial to sexual conduct occurring when he was seventeen years old in exchange for payment.

More importantly, *Werner* is instructive here. In *Werner v. State*, the trial court erroneously denied the appellant's motion to sever two stalking offenses. 412 S.W.3d at 547. However, the court held that the error was harmless because "[h]ad the two stalking charges been tried separately, evidence of the underlying conduct in the April [stalking] incident would have been admissible at the trial concerning the July stalking incident." *Id.* at 549. Here, the same evidence would have been admissible even if Counts One through Six had been tried separately from Count Seven. C.S.'s testimony could have been admitted at the trial of any of the other counts pursuant to Article 38.37 and vice versa. *See* CRIM. PROC. art. 38.37, § 2(a), (b); *Wishert v. State*, 654 S.W.3d 317, 330 (Tex. App.—Eastland 2022, pet. ref'd) (collecting Article 38.37 cases). Article 38.37, Section 2(b) of the Texas Code of Criminal Procedure provides:

Notwithstanding Rules 404 and 405, Texas Rules of Evidence, and subject to Section 2-a, evidence that the defendant has committed a separate offense described by Subsection (a)(1) or (2) may be admitted in the trial of an alleged offense described by Subsection (a)(1) or (2) for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant.

CRIM. PROC. art. 38.37, § 2(b). This provision applies to all of the offenses charged by the State here, and the State provided advance notice of its intent to use evidence of extraneous acts, including the evidence of the offense of sexual performance of a child, for each individual child victim. *Id.* art. 38.37, §§ 2(a), 3.

In other words, the trial court's severance of Count Seven would not have limited the presentation of evidence of Appellant's wrongdoing at the trial of the other offenses because Article 38.37 permits the admission of evidence of other acts committed by a defendant against a child victim in cases involving all of the offenses charged here. *See Werner*, 412 S.W.3d at 549; *Perez v. State*, No. 11-17-00206-CR, 2019 WL 3227575, at *2 (Tex. App.—Eastland July 18, 2019, no pet.) (mem. op., not designated for publication) (concluding the appellant was not prejudiced by a failure to sever because "severance of the three charged offenses would not have limited the presentation of evidence of [a]ppellant's wrongdoing to only one offense because Article 38.37 of the Texas Code of Criminal Procedure permits the admission of evidence of other acts committed by a defendant against a child victim in cases involving those offenses charged here."); *see also Castillo v. State*, No. 11-23-00180-CR, 2024 WL 4229740 (Tex. App.—Eastland September 19, 2024, no pet.) (mem. op., not designated for publication). The overlap of the evidence between the charges is the "most important factor" we consider—meaning whether the evidence from one trial would be admissible in a separate trial on the severed charge. *Werner*, 412 S.W.3d at 549; *see, e.g.*, *Scott v. State*, 235 S.W.3d 255, 260–61 (Tex. Crim. App. 2007) (holding that denying a severance of child pornography

16

charges was harmless error because evidence supporting the charges for inducing the offenses of sexual performance of a child and promoting a sexual performance by a child would have been admissible in a separate prosecution on the charges for possession of child pornography); *Mumphord v. State*, No. 13-22-00388-CR, 2023 WL 6886119, at *12 (Tex. App.—Corpus Christi–Edinburg Oct. 19, 2023, pet. ref'd) (mem. op., not designated for publication) (concluding the same). Consequently, we have a fair assurance that the trial court's refusal to sever Count Seven did not influence the jury or had but a slight effect. *See Werner*, 412 S.W.3d at 552; *Rodriguez*, 2014 WL 358036, at *6. We overrule Appellant's second issue.

*Constitutionality of Section 21.02*

In his third issue, Appellant asserts that "[t]he continuous sexual abuse statute violates Appellant's federal Sixth and Fourteenth Amendment rights to a unanimous verdict because a jury need not agree on the particular acts of abuse committed to find a defendant guilty." The question, according to Appellant, is "whether the consensus reading of [Section] 21.02(d) comports with the federal unanimity right recently made applicable to the states."

A. *Standard of Review & Applicable Law*

A statute may be challenged as unconstitutional either "on its face" or "as applied."[6] *McCain v. State*, 582 S.W.3d 332, 346 (Tex. App.—Fort Worth 2018, no pet.). "[I]f the statute is unconstitutional on its face, there is no valid statute, and the indictment is void." *Ex parte Couch*, 678 S.W.3d 1, 3 (Tex. Crim. App. 2023). "To mount a successful facial constitutional challenge, the challenger must establish that no set of circumstances exists under which the statute would be valid or that the statute lacks any plainly legitimate sweep." *Ex parte Stafford*, No. PD-0310-23, 2024 WL 4031614, at *2 (Tex. Crim. App. Sept. 4, 2024) (first citing *Peraza v. State*,

---

[6]While Appellant does not specify, the State, as do we, interpret Appellant's complaint as a facial challenge.

467 S.W.3d 508, 514 (Tex. Crim. App. 2015); then citing *United States v. Stevens*, 559 U.S. 460, 472 (2010)). We begin with the presumption that the statute is valid, and that the legislature has not acted unreasonably or arbitrarily. *Id.* at \*2 (citing *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002)). The party challenging the statute has the burden to establish its unconstitutionality. *Id.*; *State v. Rosseau*, 396 S.W.3d 550, 557 (Tex. Crim. App. 2013). "Courts are to 'consider the statute only as it is written, rather than how it operates in practice.'" *King v. State*, No. 11-17-00179-CR, 2021 WL 2836631, at \*2 (Tex. App.—Eastland July 8, 2021, no pet.) (mem. op. on remand, not designated for publication) (quoting *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 908 (Tex. Crim. App. 2011)).

As previously established, jury unanimity is required in all criminal cases. *Ramos*, 590 U.S. at 90; *Ngo*, 175 S.W.3d at 745. The jury must agree that the defendant committed the specific crime, but this does not mean that the jury must unanimously find that the defendant committed that crime in one specific way or even with one specific act. *Floyd v. State*, No. PD-0148-23, 2024 WL 4757855, at \*3 (Tex. Crim. App. Nov. 13, 2024). There exists a distinction between a specific element of the crime and one that is but the manner and means to the commission of that crime. *Ngo*, 175 S.W.3d at 747 ("The crucial distinction is thus between a fact that is a specific *actus reus* element of the crime and one that is 'but the means' to the commission of a specific actus reus element."). The Sixth Amendment requires only a unanimous jury verdict as to all the essential elements—not the manner and means. *Ramos*, 590 U.S. at 92; *Pollock v. State*, 405 S.W.3d 396, 404–05 (Tex. App—Fort Worth 2013, no pet.).

At issue here is Section 21.02 of the Texas Penal Code, the continuous sexual abuse of a young child statute. *See* PENAL § 21.02. "To obtain a conviction for continuous sexual abuse of a child, the State must show that the defendant committed at least two acts of sexual abuse against a child younger than 14 years of age during

18

a period of at least 30 days' duration." *Ramos v. State*, 636 S.W.3d 646, 651–52 (Tex. Crim. App. 2021) (citing PENAL § 21.02(b)). The statute explicitly provides that "members of the jury are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed." PENAL § 21.02(d). Although the Court of Criminal Appeals has not specifically determined the constitutionality of this statute as to jury unanimity, the Court has discussed the legislative intent behind the statute, noting that it is the series of acts which constitutes the key element of the offense upon which jury unanimity is required rather than the specific acts of sexual abuse enumerated in the statute.[7] *See Price v. State*, 434 S.W.3d 601, 607–09 (Tex. Crim. App. 2014).

B. *Analysis*

Arguing that the statute is unconstitutional because it authorizes a jury to return a guilty verdict even if the jury does not unanimously agree on which specific acts of sexual abuse were committed, Appellant asks us to reconsider long-accepted intermediate appellate court precedent in light of the United States Supreme Court's opinion in *Ramos* and *Richardson v. United States*, 526 U.S. 813 (1999). *See Shumski v. State*, No. 11-13-00054-CR, 2015 WL 1120657, at *1 (Tex. App.—Eastland Mar. 5, 2015, pet. ref'd) (mem. op., not designated for publication)

---

[7]Analogously, the Court of Criminal Appeals analyzed whether the language of another statute, on its face, would allow for a nonunanimous verdict post-*Ramos*. *Dunham v. State*, 666 S.W.3d 477, 487 (Tex. Crim. App. 2023). The offense of deceptive business practice provides that a person commits the offense if, in the course of business, he or she intentionally, knowingly, recklessly, or with criminal negligence commits "one or more" of the listed underlying acts of the offense. PENAL § 32.42 (West 2016). The court held that the jurors were not required to unanimously agree which of the three deceptive business acts appellant committed because "language of the statute, on its face, does not focus on which of the provided definitions of 'deceptive business practices' found in subsection (1)–(12) is triggered so long as at least one [of] them is." *Dunham*, 666 S.W.3d at 487. "[T]he specific manners and means constituting a 'deceptive business practice' does not constitute an 'essential element' of the offense." *Id.* The Court reasoned the legislature "intended to punish the act of deceptive business practices in general—not establish separate units of prosecution for each subsection within the same overall act." *Id.* "Therefore, we treat the three alleged acts as alternative manner and means where jury unanimity is not required." *Id.*

(rejecting Appellant's claim that Section 21.02 was unconstitutional because it fails to require a unanimous jury verdict and citing to several appellate courts which have upheld the constitutionality of the statute). It remains unclear how *Ramos* concerns the right to a unanimous jury verdict in general in those states that already require a jury to be unanimous. *Ramos*, 590 U.S. at 101; *see also Stevens v. State*, No. 02-23-00122-CR, 2024 WL 3978169, at *15 (Tex. App.—Fort Worth Aug. 29, 2024, pet. ref'd) (mem. op., not designated for publication) ("We do not see how *Ramos* changes our precedent that the underlying offenses are not separate elements subject to the unanimity requirement.").

Moreover, *Richardson* does not state that a jury must be unanimous as to which manner and means were used to commit a statutorily-defined element of an offense. *See Richardson*, 526 U.S. at 816–18. To the contrary, the United States Supreme Court in *Richardson* acknowledged that a jury "need not always decide unanimously which of several possible sets of underlying brute facts make up a particular element, say, which of several possible means the defendant used to commit an element of the crime." *Id.* at 817. When the statute creates a single element, a 'series,' in respect to which individual violations are but the means, then the jury must only agree that the defendant committed at least three of all the underlying crimes alleged; the jury need not agree about *which* three. *Id.* at 818. "On the other hand, if the statute makes each 'violation' a separate element, then the jury must agree unanimously about which three crimes the defendant committed." *Id.* *Richardson*, moreover, in dicta distinguishes the case before it—a review of a statute related to engaging in continuing criminal enterprise—and the type of statute we consider now, noting that statutes that address crimes against children "may well respond to special difficulties of proving individual underlying criminal acts" and "their special subject matter indicates they represent an exception." *Id.* at 821.

Additionally, at least one federal court has analyzed the issue before us and determined that Section 21.02(d) did not run afoul of the jury unanimity requirement. *See Mumphord v. Lumpkin*, No. 4:22-CV-1446, 2023 WL 6444887, at *10 (S.D. Tex. Sept. 29, 2023) (citing *Ramos*, 590 U.S. at 92–93). The court noted that "[u]nder the plain language of section 21.02, it is the commission of two or more acts of sexual abuse over a period of more than thirty days that is the element that requires jury unanimity." *Id.* (citing *Jacobsen v. State*, 325 S.W.3d 733, 737 (Tex. App.—Austin 2010, no pet.)). "The individual acts of sexual abuse that make up this pattern of behavior or series of acts are not themselves elements of the offense, but are merely evidentiary facts, the manner and means by which the actus reus element is committed." *Id.*

*Mumphord* joins a handful of Texas intermediate appellate courts that continue to hold, post-*Ramos*, that the statute does not violate the constitutional right to jury unanimity. *See, e.g.*, *Jimenez v. State*, No. 13-23-00333-CR, 2024 WL 3963959, at *7 (Tex. App.—Corpus Christi–Edinburg Aug. 28, 2024, pet. ref'd) (mem. op., not designated for publication) ("[M]any Texas appellate courts have considered this issue—including the transferor court of appeals and this Court—and all of them have concluded that the statute does not violate the constitutional right to jury unanimity."); *Purcell v. State*, No. 07-23-00329-CR, 2024 WL 3837931, at *4 (Tex. App.—Amarillo Aug. 15, 2024, pet. ref'd) (mem. op., not designated for publication); *Schmidt v. State*, No. 03-22-00444-CR, 2024 WL 735176, at *6 (Tex. App.—Austin Feb. 23, 2024, pet. ref'd) (mem. op., not designated for publication); *Williams v. State*, No. 02-20-00104-CR, 2021 WL 5227167, at *8 n.11 (Tex. App.—Fort Worth Nov. 10, 2021, no pet.) (mem. op., not designated for publication); *Nguyen v. State*, No. 14-18-00063-CR, 2021 WL 1881180, at *4 (Tex. App.—Houston [14th Dist.] May 11, 2021, no pet.) (mem. op., not designated for publication).

Having found no authority deviating from the predominate appellate-court precedent that individual "acts of sexual abuse are merely the manner and means of committing an element of the offense" defined in Section 21.02, we decline Appellant's invitation to revisit our prior holding. *See, e.g.*, *Perez v. State*, 689 S.W.3d 369, 381 (Tex. App.—Corpus Christi–Edinburg 2024, no pet.) (quoting *Reckart v. State*, 323 S.W.3d 588, 601 (Tex. App.—Corpus Christi-Edinburg 2010, pet. ref'd)); *Purcell*, 2024 WL 3837931, at *4; *Schmidt*, 2024 WL 735176, at *6. We overrule Appellant's third issue.

## This Court's Ruling

We affirm the judgments of the trial court.


W. BRUCE WILLIAMS

JUSTICE


July 24, 2025

Publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.